Raed Gonzalez, Esq.
GONZALEZ OLIVIERI, LLC
2200 Southwest Freeway, Suite 550
Houston, Texas 77098
Tel: 713-481-3040
Fax: 713-588-8683
*Counsel of Record for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| Evis Isidro Pacheco, <br><br> *Plaintiff*, <br><br> v. <br><br> Kevin McAleenan, Acting Secretary of the U.S. Department of Homeland Security; Lee F. Cissna, Director of the U.S. Citizenship and Immigration Services; Wallace L. Carroll, USCIS Houston Field Office Director, <br><br> *Defendants*. | Case No. 4:19-cv-1875 <br><br><br><br> Date: May 24, 2019 |

## PLAINTIFF'S COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

This is a complaint for relief under the Administrative Procedure Act ("APA"). The Plaintiff, Evis Isidro Pacheco, files the instant complaint against Defendants because the U.S. Citizenship and Immigration Services ("USCIS"), a federal agency within the Department of Homeland Security ("DHS"), acted arbitrarily, capriciously, and erred as a matter of law when it administratively closed Plaintiff's Application to Register Permanent Residence or Adjust Status, Form I-485 ("I-485 Application"), instead of adjudicating it on the merits. *See* Exhibit 1.

Plaintiff seeks *de novo* review of the USCIS's action; seeks a declaratory judgement that the USCIS has jurisdiction to adjudicate his I-485 Application and that it acted arbitrarily, capriciously, and not in accordance with the law when it administratively closed it; and seeks relief under the APA to compel the USCIS to recalendar and to adjudicate his I-485 Application on the merits.

Plaintiff files the instant action against the following Defendants: Kevin McAleenan, in his official capacity as the Acting Secretary of the DHS; Lee F. Cissna, in his official capacity as the Director of the USCIS; and Wallace L. Carroll, in his official capacity as the Houston Field Office Director of the USCIS.

## I. INTRODUCTION

1.  As per the USCIS's own Policy Memorandum and Policy Manual, the Code of Federal Regulations ("C.F.R."), and decisions of the Board of Immigration

2

Appeals ("BIA"), the USCIS retains sole and exclusive jurisdiction to adjudicate adjustment of status applications filed by an "arriving alien," such as Plaintiff. *See* Exhibit 2; USCIS Policy Manual, Vol. 7, Part A, Ch. 3, Sec. D; 8 C.F.R. §§ 245.2, 1245.2; *Matter of Yauri*, 25 I&N Dec. 103, 106-07 (BIA 2009).

2.    The findings of the USCIS that it lacked jurisdiction over Plaintiff's I-485 Application, despite the fact that Plaintiff is an "arriving alien," runs contrary to its own Policy Memorandum, its Policy Manual, the USCIS's previous actions in adjudicating similar adjustment of status applications, the federal regulations, and BIA case law. Plaintiff therefore seeks an order declaring that the final agency decision by the USCIS to administratively close Plaintiff's I-485 Application, on the grounds that it lacked jurisdiction, was arbitrary and capricious, an abuse of discretion, and otherwise not in accordance with the law.

3.    Plaintiff also seeks an order from this Court compelling the USCIS to recalendar and adjudicate his I-485 Application on the merits pursuant to the APA, as its decision is one that is arbitrary, capricious, an abuse of discretion, and not in accordance with the law.

4.    It should be noted that Plaintiff has exhausted his remedies in this case and is not required to do anything further. Indeed, the USCIS decision explicitly

states that there is no appeal from its decision to administratively close Plaintiff's I-485 Application. *See* Exhibit 1, *supra*. It is thus considered a "final" agency action subject to judicial review by this Court for which there can be no judicially-imposed exhaustion requirement. *See Darby v. Cisneros*, 509 U.S. 137, 147 (1993); *see also* 5 U.S.C. § 704.

## II.  JURISDICTION AND VENUE

5.  This action arises under the Immigration and Nationality Act ("INA"), 8 U.S.C. §§ 1101 *et seq.*, and the APA, 5 U.S.C. §§ 701 *et seq*. Because this action arises under the federal laws of the United States, subject-matter jurisdiction is proper under 8 U.S.C. § 1331.

6.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and (e) because all relevant actions, including the submission and administrative closure of Plaintiff's I-485 Application, occurred in the USCIS's field office in Houston, Texas.

## III.  PARTIES

7.  Plaintiff, Evis Isidro Pacheco, is a resident of Houston, Texas.

8.  Defendant, Kevin McAleenan, is the Acting Secretary of the DHS. He is sued in his official capacity. He may be served at 245 Murray Lane, SW, Mail Stop 0485, Washington, D.C. 20528.

9.  Defendant, Lee F. Cissna, is the Director of the USCIS. He is sued in his

official capacity. He may be served at 245 Murray Lane, SW, Mail Stop 0485, Washington, DC 20528.

10. Defendant, Wallace L. Carroll, is the USCIS Houston Field Office Director. He is sued in his official capacity. He may be served at 810 Gears Road, Suite 100, Houston, Texas 77067.

## IV.  STATUTORY AND REGULATORY BACKGROUND

11. Under 8 U.S.C. § 1255(a), an alien may adjust his or her status to that of a lawful permanent resident provided that: (1) the alien was inspected and admitted or paroled into the U.S.; (2) the alien files the I-485 Application; (3) the alien is eligible to receive an immigrant visa; (4) the alien is admissible to the U.S.; and (5) a visa is immediately available to him or her when the I-485 Application is filed.

12. The USCIS has the jurisdiction to adjudicate an I-485 Application, pursuant to 8 U.S.C. § 1255(a), unless the immigration judge has jurisdiction. 8 C.F.R. §§ 245.2(a)(1); 1245.2(a)(1).

13. The immigration judge has exclusive jurisdiction to adjudication any I-485 Application if the alien is in removal or deportation proceedings (other than an arriving alien). 8 C.F.R. § 1245.2(a)(1).

14. An "arriving alien" is one who is "an applicant for admission coming or attempting to come into the United States at a port-of-entry, or an alien

5

seeking transit through the United States at a port-of-entry, or an alien interdicted in international or United States waters and brought into the United States by any means, whether or not to a designated port-of-entry, and regardless of the means of transport." 8 C.F.R. § 1.2. "An arriving alien remains an arriving alien even if paroled pursuant to section 212(d)(5) of the Act." *Id.*

15. The immigration judge can only have jurisdiction over I-485 Applications filed by "arriving aliens" if: (1) the alien properly filed the I-485 Application with the USCIS while the alien was in the U.S.; (2) the alien departed and returned to the U.S. pursuant to a grant of advance parole; (3) the I-485 Application was denied by the USCIS; and (4) the DHS placed the alien in removal proceedings *after* the alien's return to the U.S. on advance parole or *after* the I-485 Application was denied. 8 C.F.R. § 1245.2(a)(1)(ii).

16. If the USCIS administratively closes an I-485 Application on the grounds that it lacks jurisdiction to adjudicate it, the administrative closure would be considered the final agency action in the case. As such, no administrative remedies would be left available to an applicant and the only option is to judicially assert a violation under the APA. *See* 5 U.S.C. §§ 702, 704.

17. "Agency action" is defined to include the whole or a part of an agency rule, order, license, sanction, relief, or the equivalent or denial thereof, or failure to

act. 5 U.S.C. § 551(13).

18. The reviewing court is authorized to compel action by an agency, and hold its actions unlawful and set aside agency action, findings, and conclusions found to be "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706.

## V.   FACTUAL BACKGROUND

19. Effective March 1, 2003, the DHS assumed responsibility for the functions of the agency formerly known as the "Immigration and Naturalization Service." The Secretary of DHS is now vested with "[a]ll authorities and functions of the Department of Homeland Security to administer and enforce the immigration laws." 8 C.F.R. § 2.1.

20. The USCIS is a bureau within the DHS and delegated supervisory authority over all operations by the Secretary of DHS. *Id.* The USCIS is responsible for accepting and adjudicating all I-485 Applications unless, as detailed above, jurisdiction lies with the immigration judge.

21. The USCIS Houston Field Office is an agency within the DHS and delegated supervisory authority over all operations by the Secretary of DHS. *Id.* The USCIS Houston Field Office is the official agency with jurisdiction over the administrative closure of Plaintiff's I-485 Application.

22. Plaintiff is a native and citizen of Honduras. *See* Exhibit 3. He was paroled

7

into the United States on or about December 31, 1999, pursuant to 8 U.S.C. § 1182(d)(5), because he was an applicant for adjustment of status.[1]

23. Plaintiff was susbsequently placed in removal proceedings and granted voluntary departure on April 5, 2004. *See* Exhibit 1, *supra*. Plaintiff did not depart the U.S. by the voluntary departure date, and so, his grant of voluntary departure converted into a final order of removal. *See* 8 C.F.R. 1240.26(d).

24. On January 27, 2017, by virtue of being the beneficiary of an I-130 family visa petition filed on his behalf, Plaintiff filed his I-485 Application with the USCIS. *See* Exhibit 1, *supra*. However, instead of adjudicating Plaintiff's I-485 Application, the USCIS administratively closed it on the grounds that it lacked jurisdiction to adjudicate it. *Id.*

25. Specifically, the USCIS found that because Plaintiff is currently in removal proceedings before an immigration judge, and because those proceedings are not terminated, Plaintiff was not an "arriving alien," and thus, could not adjust his status with the USCIS. *Id.*

26. As noted above, the Service's decision explicitly stated that there was no appeal from the administrative closure of Plaintiff's I-485 Application. *Id.* Therefore, there are no other forums or means available to Plaintiff to seek a

---

[1] It is of importance to note that Plaintiff *did not* receive parole based on his TPS, contrary to what the USCIS's decision in Exhibit 1 states, nor did he ever travel with advance parole based on the grant of his TPS (emphasis added).

remedy.

27. At this time, Plaintiff cannot file to reopen his proceedings with the immigration judge for the specific purpose of adjustment of status because he is an "arriving alien" and the immigration judge would lack jurisdiction over his I-485 Application. *See* 8 C.F.R. §§ 245.2(a)(1); 1245.2(a)(1). Plaintiff is thus filing the present action seeking relief under the APA with this Court.

## VI.   CLAIMS FOR RELIEF

28. Plaintiff incorporates by reference the allegations in paragraphs 1-27.

29. Plaintiff contends that under the APA, the USCIS's administrative closure of his I-485 Application was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A).

30. The U.S. Supreme Court has held that an agency's actions may be considered arbitrary, capricious or an abuse of discretion if said actions inexplicably depart from the agency's own course of adjudication, regulations, or policies. *See INS v. Yang*, 519 U.S. 26, 32 (1996) ("Though an agency's discretion is unfettered at the outset, if it announces and follows—by rule or by settled course of adjudication—a general policy by which its exercise of discretion will be governed, an irrational departure from that policy (as opposed to an avowed alteration of it) could constitute action that must be overturned as 'arbitrary, capricious, [or] an abuse of discretion.'").

9

31. In this case, the exhibits attached herein establish that the USCIS departed from its own settled course of adjudication in administratively closing Plaintiff's I-485 Application because it has, in the past, issued denials or grants on I-485 Applications for aliens who have been paroled despite the fact that those aliens had final removal orders. *See* Exhibits 4-6.

32. Exhibit 4 demonstrates that the alien was ordered deported, afterwards traveled on advance parole, returned to the U.S., applied for adjustment of status, and was granted such status.

33. Exhibit 5 evidences that the alien's I-485 Application was adjudicated and granted by the USCIS after he traveled on advance parole, despite the alien being deported and entering the country illegally.

34. Exhibit 6 shows how the USCIS granted an I-485 Application after the individual traveled on advance parole, despite the fact that the individual was previously ordered deported.

35. In Plaintiff's case, despite him being "arriving alien," by virtue of his grant of parole, the USCIS refused to adjudicate the I-485 Application. It has thus irrationally departed from its correct and settled course of adjudication. As such, it has acted arbitrarily, capriciously, and abused its discretion. *See Yang*, 519 U.S. at 32.

10

36. Moreover, the USCIS acted arbitrarily and capriciously because it failed to recognize and consider two wholly relevant factors in Plaintiff's case. These two factors are: (1) that Plaintiff was not paroled into the United States based on a grant of TPS, but rather, based on the fact that Plaintiff was an applicant for adjustment of status; and (2) Plaintiff could not have returned to the position of an alien with an outstanding grant of voluntary departure after he was paroled, since Plaintiff received his grant of voluntary departure on April 5, 2004, which was *after* the date he was paroled. *See* Exhibit 1, *supra*. Plaintiff maintains that this willful ignorance and lack of articulate reasoning with respect to a key aspect of his case is arbitrary and capricious. *See Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto Ins. Co.*, 463 U.S. 29, 43 (1983) (finding that an agency acts arbitrarily and capriciously when it fails to consider an important aspect of the problem, and that an agency must "articulate a satisfactory explanation for its actions including a rational connection between the facts found and the choice made"); *see also Fox v. Clinton* 684 F.3d 67, 75 (D.C. Cir. 2012) (holding that "an agency action must be the product of reasoned decisionmaking.").

37. In addition, the USCIS's administrative closure of Plaintiff's I-485 Application is not in accordance with the law.

38. The applicable federal regulations and the BIA state that the USCIS has

11

jurisdiction to adjudicate an I-485 Application filed by an "arriving alien." *See* 8 C.F.R. §§ 245.2(a)(1), 1245.2(a)(1); *Matter of Yauri*, 25 I&N Dec. at 106-07 ("DHS has stated that it recognizes that the USCIS's jurisdiction over the adjustment application of an arriving alien exists regardless of whether there is an unexecuted removal order that remains outstanding against the alien…[m]oreover, we emphasize that the existence of a final order of removal does not preclude the USCIS from granting I-485 Application to an arriving alien who is otherwise eligible for I-485 Application.").

39. A an "[a]rriving alien [is] an applicant for admission coming or attempting to come into the United States at a port-of-entry." 8 C.F.R. § 1.2.

40. A person who is paroled into the United States would be considered an "arriving alien" because while they are allowed to enter, they are not considered admitted into the United States. 8 U.S.C. §§ 1101(a)(13)(B) ("An alien who is paroled under section 1182(d)(5) of this title or permitted to land temporarily as an alien crewman shall not be considered to have been admitted."); *see also Matter of Oseiwusu*, 22 I&N Dec. 19 (BIA 1998) (holding that an alien who enters the United States with a grant of parole is an arriving alien).

41. "An arriving alien remains an arriving alien even if paroled pursuant to [8 U.S.C. § 1182(d)(5)], and even after any such parole is terminated or

revoked."). *See* 8 C.F.R. § 1.2.

42. In this case, Plaintiff is clearly an "arriving alien" because he was paroled into the United States, pursuant to 8 U.S.C. § 1182(d)(5), on December 31, 1999. *See* Exhibit 3, *supra*. Despite this, the USCIS inexplicably contended that Plaintiff is not an "arriving alien" because he is still in removal proceeding which have not been terminated. *See* Exhibit 1, *supra*. This conclusion is legally erroneous for several reasons.

43. First and foremost, Plaintiff is not currently in removal proceedings. Plaintiff was was granted voluntary departure on April 5, 2004. *Id.* He did not leave the country within the proscribed voluntary departure date. As such, he has a final order of removal and his proceedings have concluded. *See* 8 C.F.R. 1240.26(d).

44. Secondly, the USCIS conclusion is legally erroneous because the BIA has stated, unequivocally, that federal regulations treat aliens who travel on parole as "arriving aliens." *Oseiwusu*, 22 I&N Dec. at 19-20; *see also*, *Ibragimov v. Gonzales*, 476 F.3d 125, 132 (2d Cir. 2007) (stating that "[former] INS regulations manifest the agency's clear intent to treat parolees, including advance parolees, as 'arriving aliens' subject to a determination of inadmissibility.").

45. Finally, the Service's assertion that Plaintiff is able to seek adjustment of

status before the immigration court is completely contrary to the law. This is the case because Plaintiff is an "arriving alien," and therefore, only the USCIS has jurisdiction over his I-485 Application. *See* 8 C.F.R. §§ 245.2(a)(1), 1245.2(a)(1); *Matter of Yauri*, 25 I&N Dec. at 106-07.

46. The immigration judge only has jurisdiction over an "arriving alien's" I-485 Application, if the alien: (1) properly filed the I-485 Application with the USCIS while the alien was in the United States; (2) departed and returned to the United States pursuant to a grant of advance parole; (3) the I-485 Application was denied by the USCIS; and (4) the DHS placed the alien in removal proceedings after the alien's return to the United States on advance parole or after the I-485 Application was denied. 8 C.F.R. § 1245.2(a)(1)(ii).

47. While Plaintiff meets the first requirement, he fails the other three because: he was not granted advance parole, but was paroled in for purposes of adjustment of status; he has not received a denial decision from the USCIS, but only an administrative closure; and he was placed in removal proceedings *well before* he filed his I-485 Application. *See* Exhibits 1 and 3, *supra*. Accordingly, the exception allowing the IJ to exercise jurisdiction over Plaintiff's Application is inapplicable, and by finding otherwise, the USCIS erred as a matter of law.

48. In sum, given the law and evidence presented, Plaintiff maintains that judicial

14

review under the APA is proper in this case because the USCIS has acted
arbitrarily and capriciously, has abused its discretion, and has not acted in
accordance with the law.

## VII.   EXHAUSTION

49. Plaintiff incorporates by reference the allegations in paragraphs 1-48.

50. As noted above, Plaintiff is not required to exhaust his administrative
remedies with respect to the administrative closure of his I-485 Application
because he is contesting a "final" agency action that is subject to judicial
review under the APA.

51. The language of 5 U.S.C. § 704 states that an agency action is "final" without
regard to whether an alien seeks reconsideration or appeal to a higher agency
authority, *unless* there is a statute or regulation that requires the alien to file
an appeal and the agency action is inoperative during the appeal.

52. In this case, just as in *Darby*, there is no statute or regulation requiring that
Plaintiff exhaust his remedies prior to seeking judicial review under the APA.
In fact, the USCIS decision itself clearly states that there is no appeal from
this decision. *See* Exhibit 1, *supra*. Thus, when the USCIS issued its decision
to administratively close Plaintiff's I-485 Application, it was a "final" agency
action for purposes of the APA, despite the fact that Plaintiff did not appeal
said decision. *See Darby*, 509 U.S. at 137. As such, there can be no judicially-

15

imposed exhaustion requirement and judicial review is proper before this Court.

## VIII.  CONCLUSION

53. For the aforementioned reasons, the decision to administratively close Plaintiff's I-485 Application was arbitrary, capricious, an abuse of discretion, and not in accordance with the law. Therefore, judicial review through this Court is warranted under the APA.

## IX.   PRAYER FOR RELIEF

54. Wherefore, Plaintiff respectfully requests that this Court:

   a.  accept jurisdiction and venue as proper;

   b.  issue a declaratory judgment that the administrative closure of Plaintiff's I-485 Application was arbitrary, capricious, an abuse of discretion, and not in accordance with the law;

   c.  issue a declaratory judgment that the USCIS has jurisdiction to adjudicate Plaintiff's I-485 Application;

   d.  issue an order under the APA to compel the USCIS to recalendar and adjudicate Plaintiff's I-485 Application;

   e.  grant reasonable attorney's fees, expenses, and costs of court pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412; and

   f.  grant Plaintiff all other relief as the Court may deem just and proper.

Respectfully submitted,

GONZALEZ OLIVIERI LLC

*s/ Raed Gonzalez*

_____

Raed Gonzalez, Esq.
Attorney for Plaintiff
Texas Bar No. 24010063
2200 Southwest Freeway, Suite 550
Houston, TX 77098
Phone: (713) 481-3040,
Fax:   (713)588-8683
rgonzalez@gonzalezolivierillc.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

Evis Isidro Pacheco,

     *Plaintiff*,

         v.

Kevin McAleenan, Acting Secretary of the U.S. Department of Homeland Security; Lee F. Cissna, Director of the U.S. Citizenship and Immigration Services; Wallace L. Carroll, USCIS Houston Field Office Director,

     *Defendants*.

Case No. 4:19-cv-1875

Date: May 24, 2019

---

## INDEX OF EXHIBITS

---

Exhibit 1—Notice of Administrative Closure
Exhibit 2—USCIS Policy Memorandum
Exhibit 3—Grant of Parole
Exhibit 4—Adjustment of Status Decision 1
Exhibit 5—Adjustment of Status Decision 2
Exhibit 6—Adjustment of Status Decision 3